UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

David Perez,

Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/24

18-CR-802-03 (CM)

DECISION AND ORDER DENYING SENTENCE REDUCTION PURSUANT TO
AMENDMENT 821 OF THE UNITED STATES SENTENCING GUIDELINES MANUAL

McMahon, J.:

On May 16, 2023, Perez was sentenced principally to a term of imprisonment of 84 months, for his involvement in a heroin distribution conspiracy.

On March 11, 2024, the defendant filed a motion asking the Court to reduce his sentence, pursuant to Amendment 821 to the United States Sentencing Guidelines Manual.

The United States Probation Department has conducted of review of defendants who are currently incarcerated and who might be eligible for a sentencing reduction, pursuant to Amendment 821 to the United States Sentencing Guidelines Manual. Amendment 821 amended the Guidelines in two respects: (1) Part A amends Guidelines § 4A1.1, by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points; and (2) Part B, amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points **who meet**

**specified eligibility criteria**. (Emphasis added). The Sentencing Commission made these amendments retroactive effective November 1, 2023.

The Probation Department has determined that Perez is ineligible for either of the Amendment 821 reductions.

The Court agrees.

Although Perez had zero criminal history points prior to his conviction in this case, he is nonetheless ineligible for a reduction under Part B because he does not meet the other "specified criteria." Perez's Guidelines calculation included an adjustment under U.S.S.G. §3B1.1(a) (Aggravating Role).[1] One of the criteria that a defendant must meet to be eligible for a Part B reduction is that his Guidelines range calculation not have included an adjustment under §3B1.1.

Moreover, even if Perez had not received the Aggravating Role Enhancement, he would not be able to take advantage of the reduction afforded by Amendment 821 (Part B) because what would be his amended Guidelines (151-188) is still greater than the 84 months' sentence the Court originally imposed. Under U.S.S.G. § 1B1.10(b)(2)(A), the court is not permitted to reduce a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range."

Accordingly, Perez's motion for a sentencing reduction pursuant to Amendment 821 is denied.

---

[1] *See* Presentence Investigation Report ECF Document 306 at ¶ 88. (PSR) ("Adjustment for Role in the Offense: The defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive. Specifically, as the nighttime manager in the offense, Perez was essentially the boss of the operations for the evening shift as Hidalgo and Viciosa De Lima would not be present until the following morning. In that role, Perez supervised other pitchers and lookouts who were working on behalf of the DTO at the building, ensured that pitchers were appropriately supplied with drugs, and often collected the proceeds at the end of the night to remit to Hidalgo or Viciosa De Lima when they returned. Given the above, three levels are added. USSG §3B1.1(b). +3").

This constitutes the decision and order of the Court.

_____
Colleen McMahon, U.S.D.J.

Dated: May 28, 2024
New York, New York